Citation Nr: 1518710 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 12-13 264 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) and depressive disorder.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

J. L. Wolinsky Associate Counsel

INTRODUCTION

The Veteran had active military service from December 1966 to March 1970.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio. The Veteran's appeal was previously before the Board in February 2013, and October 2014. 

In January 2013, the Veteran testified at a videoconference Board hearing conducted before the undersigned Veterans Law Judge (VLJ). A transcript of the hearing has been associated with the claims file.

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record.


FINDING OF FACT

The preponderance of the evidence is against a finding that the Veteran has an acquired psychiatric disorder, to include PTSD, and depression, etiologically related to military service or to any incident incurred therein.


CONCLUSION OF LAW

The criteria for establishing entitlement to service connection for a psychiatric disorder, to include PTSD, and depression, have not been met. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304(f) (3), 3.310, 4.125(a) (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

VCAA

The Board must discuss whether VA has complied with its duties to notify and assist the Veteran in substantiating his claims. In this respect, the Veterans Claims Assistance Act of 2000 (VCAA) describes VA's duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014).

Proper notice from VA must inform the Veteran of any information and medical or lay evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the Veteran is expected to provide in accordance with 38 C.F.R. § 3.159(b)(1). The notice requirements apply to all five elements of a service-connection claim, including: (1) veteran status; (2) existence of a disability; (3) a connection between a veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). Notice must be provided prior to an initial unfavorable decision on a claim by the RO. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004). 

A letter sent to the Veteran in July 2010 advised the Veteran with what information or evidence is necessary to substantiate his service connection claim as well as his and VA's respective responsibilities in obtaining such evidence and information, and how VA determines the disability rating, and effective date. The July 2010 VCAA letter was sent prior to the rating decision in February 2011. While the Veteran may not have been provided with notice pursuant to 38 C.F.R. § 3.304(f), concerning PTSD and the alleged physical assault, the examiner in January 2015 discussed that specific stressor in the examination report. Furthermore, the preponderance of the evidence indicates that the Veteran does not meet the criteria for PTSD, on bases other than the corroboration of the service stressor, and so any failure to notify the Veteran pursuant to 38 C.F.R. § 3.304(f) is not prejudicial to him. A remand for such would serve no useful purpose and so it is not necessary. Sabonis v. Brown, 6 Vet. App. 426, 430 (1994) (remands that would only result in unnecessarily imposing additional burdens on VA with no benefit flowing to the claimant are to be avoided). 

VA's duty to assist includes assisting the claimant in the procurement of service and other relevant records, as well as obtaining a medical examination or opinion of the Veteran's disability when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159; McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006). The RO associated the Veteran's service treatment records (STRs) and VA treatment records with the claims file. Private treatment records are also associated with the Veteran's claims file. The Veteran has not identified any treatment records aside from those that are already of record, nor is there any indication that the Veteran has sought additional treatment relevant to the instant appeal.

The Veteran was also provided an opportunity to set forth his contentions during a videoconference Board hearing in January 2013, which fulfilled the requirements set forth by Bryant v. Shinseki, 23 Vet. App. 488 (2010) (holding that 38 C.F.R. § 3.103(c)(2) requires that the Veterans Law Judge who chairs a hearing fulfill two duties: (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked).

The prior remand instructions were substantially complied with for the Veteran's claim. The October 2014 Board remand instructions sought updated VA medical records, and a VA psychiatric addendum opinion. VA medical records were obtained by the RO, and a VA addendum opinion was procured in December 2014. Accordingly, the Board finds that there has been substantial compliance with the prior remand instructions and no further action is necessary. See D'Aries v. Peake, 22 Vet. App. 97 (2008) (holding that only substantial, and not strict, compliance with the terms of a Board remand is required pursuant to Stegall v. West, 11 Vet. App. 268 (1998)).

The December 2014 addendum is adequate, as the examination report shows that the examiner considered the Veteran's relevant medical/military/occupational history, reviewed relevant prior examinations and provided reasoned analysis to support the medical opinion provided. See Stefl v. Nicholson, 21 Vet. App. 120, 123-24 (2007); Barr v. Nicholson, 21 Vet. App. 303, 311-12 (2007) (holding that VA must ensure that the examination provided is adequate). 

As VA satisfied its duties to notify and assist the Veteran, the Board finds that there is no further action to be undertaken to comply with the provisions of 38 U.S.C.A. § 5103(a), § 5103A, or 38 C.F.R. § 3.159, and that the Veteran will not be prejudiced as a result of the Board's adjudication of his claim. 


Legal Criteria

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by military service. 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303. Service connection may be granted for any disease initially diagnosed after service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Service connection for PTSD requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the in-service stressor occurred. 38 C.F.R. § 3.304(f).

The Veteran in this case has not asserted, and the evidence of record does not show, that he was diagnosed with PTSD or any other psychiatric disorder during service, and the evidence does not show that he engaged in combat, so the provisions of 38 C.F.R. § 3.304(f)(1)-(2) are not for consideration. The Veteran is not shown to have been a prisoner of war, so the provisions of 38 C.F.R. § 3.304(f)(4) are also not for consideration.

Pursuant to 38 C.F.R. § 3.304(f)(3), if a stressor claimed by a veteran is related to the veteran's fear of hostile military or terrorist activity and a VA psychiatrist or psychologist, or a psychiatrist or psychologist with whom VA has contracted, confirms that the claimed stressor is adequate to support a diagnosis of PTSD and that the veteran's symptoms are related to the claimed stressor, in the absence of clear and convincing evidence to the contrary, and provided the claimed stressor is consistent with the places, types, and circumstances of the veteran's service, the veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor. 

The provisions of 38 C.F.R. § 3.304(f)(5) provide that, if a PTSD claim is based on in-service personal assault, evidence from sources other than the Veteran's service records may corroborate the Veteran's account of the stressor incident.

[Parenthetically, the Board notes that the DSM-IV has been recently updated with a Fifth Edition (DSM-V). Effective August 4, 2014, VA issued an interim rule amending the portion of its Schedule for Rating Disabilities dealing with mental disorders and its adjudication regulations to refer to certain mental disorders in accordance with DSM-V. The provisions of the interim final rule only apply, however, to all applications for benefits that are received by VA or that are pending before the agency of original jurisdiction on or after August 4, 2014.]

The Board must consider all the evidence of record and make appropriate determinations of competence, credibility, and weight. See Washington v. Nicholson, 19 Vet. App. 362, 368 (2005). 

Analysis 

The Veteran and his representative argue that the Veteran has PTSD as a direct result of his military service in Vietnam. Specifically, the Veteran states that he was assaulted by an officer; that he was involved in combat and witnessed death to fellow soldiers; and that he was exposed to heavy mortar attacks. The Veteran's service treatment records are negative for any complaints or findings concerning a psychiatric disability. The Veteran denied any psychiatric symptoms upon separation in his Report of Medical History from March 1970. 

In December 2008 the Veteran was referred for a PTSD evaluation. The doctor determined that the Veteran did not meet the criteria for PTSD, and that the Veteran did not report symptoms related to PTSD. The December 2008 physician found that the Veteran was over-reporting on a wide array of symptoms, which made certain results invalid. The examiner diagnosed the Veteran with adjustment disorder with depressed mood, cannabis abuse in partial remission, and alcohol dependence in full sustained remission. The examiner determined that the Veteran's symptoms of adjustment mood disorder with depressed mood was due to stressful events in his environment, and insinuated that the stresses were recent and not related to military service. In summary, the examiner found that the Veteran had not experienced a traumatic stressor that meets criterion A for the diagnosis of PTSD. The Veteran also did not report reexperiencing symptoms or persistent increased physiological arousal that would meet diagnostic criteria for PTSD. 

In January 2011 the Veteran underwent a VA initial evaluation for PTSD. The examiner noted that the Veteran began receiving mental health care services from VA in 1994. The exam report indicated that the Veteran was originally diagnosed with PTSD; however the diagnosis was not based on a thorough psychiatric review of the Veteran at that time. The examiner detailed that the Veteran received medication for his psychiatric symptoms up until 2000. The January 2011 also specifically incorporated the details of the December 2008 consult. The examiner reviewed the Veteran's pre-military history, military history, and post-military history, conducted psychological testing, and conducted a mental status exam. In discussion of the Veteran's military stressors, the Veteran stated that he wasn't really in combat but that he had conversations with combat soldiers who saw wounded soldiers, that he was in a physical altercation with his first sergeant and as a result was demounted, and that there was a time when mortars were coming in and he had to jump from the bunker. The Veteran was unable to elaborate on the physical altercation or the incident from the bunker. 

The examiner concluded that the Veteran did not present with specific identifiable traumatic stressors that met the DSM-IV Criteria A stressor requirements for PTSD. The Veteran did not report the full constellation of symptoms needed, and the examiner determined that the Veteran did not meet the criteria for PTSD at that time. The Veteran was diagnosed with depressive disorder, alcohol dependence, and polysubstance dependence. The examiner determined that the Veteran's depressive disorder was not related to his military experience. 

In March 2013 the Veteran was afforded an initial PTSD Disability Benefits Questionnaire (DBQ). The examiner determined that the Veteran did not have a diagnosis of PTSD in accordance with the DSM-IV. The examiner diagnosed the Veteran with mild depression unrelated to military service, alcohol dependence and cannabis abuse, both in full and sustained remission. The examiner conducted a full examination of the Veteran, which included a review of the Veteran's history, discussion of the Veteran's stressors, review of the PTSD diagnostic criteria, and review of psychological symptoms. In review of the Veteran's potential stressors, the Veteran stated that he was always ducking and dodging in bunkers when stationed in Long Bihn. The examiner noted that the stressor was related to the Veteran's fear of hostile military or terrorist activity, but that the stressor was not adequate to support a diagnosis of PTSD. In review of the PTSD diagnostic criteria, the examiner determined that the Veteran did not have exposure to a traumatic event, the Veteran did not persistently re-experience the event, the Veteran did not experience persistent avoidance of stimuli associated with trauma, and that the Veteran did not have persistent symptoms of increased arousal. In conclusion the examiner stated that the Veteran does not meet the criteria for a diagnosis of PTSD. The examiner stated that the Veteran did not report a stressor experience that meets the clinical criteria of Criterion A per DSM-IV and he did not report any symptoms consistent with a diagnosis of PTSD. 

In accordance with the October 2014 Board remand, an addendum opinion regarding the Veteran's psychiatric disabilities was sought. The December 2014 examiner stated that they reviewed the available records in formulating their conclusion, that the Veteran does not meet the criteria for a diagnosis for PTSD. The examiner also found that the Veteran's diagnosis of depression is not related or caused by military service. In support of this opinion the examiner relied on the lack of psychiatric complaints during service, and the Veteran's history of pre and post military substance abuse. 

In review of the Veteran's PTSD claim, the examiner reviewed the Veteran's 1994 treatment and an evaluation which showed that the Veteran was exposed to severe combat, without any mention of specific stressors. The examiner noted a diagnosis and continued treatment for PTSD, though the diagnosis and treatment did not include psychodiagnostic testing. The examiner reviewed the December 2008 consultation, and the Veteran's claimed stressor of being in a physical altercation with an officer, and the fact that the Veteran was directly exposed to combat. The examiner noted the inconsistencies with the December 2008 consultation and the original reports made by the Veteran in 1994. The examiner also reviewed the findings of the January 2011, and March 2013 VA examinations. Ultimately, the examiner determined that the Veteran presented inconsistent stressors at various evaluations and exams, and that none of the experiences reported by the Veteran meet the clinical criteria for a diagnosis of PTSD, nor did the Veteran present the full constellation of symptoms for PTSD. The examiner also noted the inconsistencies in the record of the Veteran's in-service experience, noting that the record shows the Veteran presented his experience as an infantry door gunner, though his DD 214 and personnel record reflect administrative Military Occupational Specialties. The examiner found that "given the totality of the records cited above, this examiner opines that the initial diagnosis of PTSD was based on incomplete information and the more comprehensive evaluations and exams, which included thorough record reviews and psychodiagnostic testing, provided more accurate diagnoses of the Veteran's psychiatric complaints."

In order to prove service connection for PTSD, a Veteran must meet the criteria in 38 C.F.R. § 3.304(f). Specifically, the Veteran must fulfill the elements in one of the subsections in addition to the requirement of medical evidence diagnosing PTSD in accordance with 38 C.F.R. § 4.125(a). See 38 C.F.R. §§ 3.304(f)(1) - (5) . Given that the Veteran does not currently have a medical diagnosis for PTSD, the claims fails on this element.

In reaching this determination, the Board acknowledges that the Veteran's claimed military stressors of an in-service personal assault, and his experienced mortar attack. However, it does not change the requirement that a Veteran seeking service connection for PTSD have a diagnosis of such in accordance with the DSM-IV. I 38 C.F.R. § 3.304(f). VA regulations still require that a service connection claim be accompanied by evidence which establishes that the claimant currently has a disability. Rabideau v. Derwinski, 2 Vet. App. 141, 144 (1992); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). Service connection is not warranted in the absence of proof of a current disability. Absent evidence of current disability of PTSD, the Board finds that service connection for PTSD is not warranted. 

In the instant claim, insufficient medical evidence exists to support a diagnosis of PTSD in accordance with the DSM-IV. While the record does show that the Veteran does have certain symptoms, notably his depressed mood, his current disability does not reflect a current diagnosis of PTSD. The record shows that the Veteran was treated for PTSD and that he received medication for his PTSD. However, as pointed out by the December 2014 VA addendum, this finding was not based on a review of the records, did not involve stressor identification, and was not in accordance with DSM criteria. The PTSD designation was also premised on the improper factual basis that the Veteran had severe combat experience. The Board finds that the original diagnosis of PTSD to be of diminished probative value because it is based on an inaccurate factual predicate. See Reonal v. Brown, 5 Vet. App. 458, 461 (1993) (holding that the Board may reject a medical opinion based on an inaccurate factual basis). The Veteran failed to have a qualifying diagnosis for PTSD at his December 2008 consultation, January 201 VA examination, March 2013 VA examination, and December 2014 VA addendum opinion in accordance with the DSM. The medical opinions provided were all well reasoned and provided ample rationale to the Veteran's current condition and are afforded great probative weight. See Prejean v. West, 13 Vet. App. 444, 448-9 (2000). 

The Board considered the Veteran's receipt of the First Cavalry Division's "combat certificate." The Board finds, however, that this document is too general, too vague, and non-specific to show that the Veteran himself ever engaged in combat.

Pursuant to Clemons v. Shinseki, 23 Vet. App. 1 (Vet. App. Feb 17, 2009), the Board must assess the other psychiatric disabilities associated with the Veteran. In December 2008 the Veteran was diagnosed with adjustment mood disorder with depressed mood, not related to military service. In January 2011 the Veteran was diagnosed with depressive disorder, alcohol dependence, and polysubstance abuse, all unrelated to military service. In March 2013 the Veteran was diagnosed with depression unrelated to military service, alcohol dependence and cannabis abuse both in full and sustained remission. In the December 2014 addendum opinion, the examiner provided a negative nexus opinion between the Veteran's depression and service. Thus, while the Veteran has a current diagnosis of acquired psychiatric disorders, all etiologies provided concluded they are unrelated to military service, and fail to provide the requisite nexus for service connection. 

In addition to the medical evidence, the Board has also considered the Veteran's statements that he has an acquired psychiatric disability due to his military service. However, a chronic psychiatric disorder such as PTSD and depression is not a medical condition a lay person is competent to diagnose. Jandreau v. Nicholson, 492 F.3d 1372, (Fed. Cir. 2007). The Veteran does not have the medical expertise to diagnose himself with an acquired psychiatric disorder, nor does he have the medical expertise to provide an opinion regarding its etiology. Thus, his lay assertion that he has an acquired psychiatric disorder which is due to service lacks any probative value.

Specific to the Veteran's history of alcohol abuse/dependency, and polysubstance abuse: when drug and alcohol abuse is at issue, service connection is precluded "in two situations: (1) for primary alcohol abuse disabilities; and (2) for secondary disabilities (such as cirrhosis of the liver) that result from primary alcohol abuse." Allen v. Principi, 237 F.3d 1368, 1376 (Fed. Cir. 2001). Service connection is not precluded if abuse is secondary to a service-connected disability. Id.; see also 38 C.F.R. § 3.310(a); Wallin v. West, 11 Vet. App. 509, (1998). However, for the reasons stated above, the Veteran's psychiatric disorders are not service-connected, and a direct service connection theory is legally precluded. As such, service connection for alcohol dependence must be denied as a matter of law. Sabonis v. Brown, 6 Vet. App. 426 (1994).

After weighing all the evidence, the Board finds the preponderance of the evidence is against the claim of an acquired psychiatric disability to include PTSD, and depression, and the benefit-of-the-doubt standard does not apply. See 38 U.S.C.A. § 5107; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).


ORDER

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), and depressive disorder is denied.



____________________________________________
WAYNE M. BRAEUER
 Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs